George Mindrop, Appellee, v. Robert Gage et al., on
appeal of the Modern Steel Structural Company,
Appellant.

Gen. No. 18,463.   (Not to be reported in full.)

George Mindrop, Defendant in Error, v. Robert B.
Gage, Impleaded with Modern Steel Structural
Company, Plaintiff in Error.

Gen. No. 18,786.   (Not to be reported in full.)

Appeal in No. 18,463 from the Circuit Court of Cook county; the
Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the
March term, 1912. Reversed and remanded. Opinion filed Novem-
ber 30, 1914.

Error in No. 18,786 to the Circuit Court of Cook county; the
Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the
March term, 1912. Dismissed. Opinion filed November 30, 1914.

## Statement of the Case.

Action by George Mindrop against Hugh P. Ras-
mussen and Robert Gage, trading as Rasmussen &
Gage, and Modern Steel Structural Company, a cor-
poration, to recover for personal injuries sustained by
plaintiff while working in the erection of structural
iron for a building in the employ of defendants Gage
and Rasmussen. No service was had on defendant
Rasmussen. Plaintiff recovered a judgment against
the Gage and the Steel Company. To reverse the
judgment, the defendant Steel Company appealed and
the defendant Gage sued out a writ of error. The
appeal and writ of error were consolidated in the Ap-
pellate Court for hearing.

The Steel Company had a contract with Arthur J.
O'Leary & Son Company to provide all the materials
and iron work for the building. The firm of Rasmus-
sen & Gage made a proposal to the Steel Company to
unload, erect and rivet the structural steel and the
proposal was accepted by the Steel Company. Gage
took charge of the work and hired one Owen Keetley

to act as foreman of the men employed on the job. There was a derrick in operation by which iron columns were put in place and Keetley ordered plaintiff and another workman to hook a chain to a column that it might be raised by the engine. The chain was hooked around the column and Keetley signaled the engineer to start the engine, and after it had been raised the end of the column slipped and fell on plaintiff.

After the trial and verdict plaintiff filed on November 21, 1911, three "additional counts." There was a motion by the defendants the next day, however (November 22, 1911), to strike out these additional counts, which motion was denied. No specific assignment of error called in question the rightfulness of the order allowing an additional count or refusing to strike out the counts that were filed. There were, however, exceptions reserved to the allowance of the motion for leave to file "an additional count." All of the three counts of November 21st asserted the basis of the joint liability to be that the Steel Company was the operator of the derrick and the employer of the plaintiff, and that defendant Gage was the superintendent of the Company; that the defendants had the duty to place the derrick on a safe place and violated that duty by placing it on soft and yielding ground. The first and third of the counts also asserted that the defendants negligently caused the load to be suddenly moved and that the net result, so to speak, was the accident. The third count specifically charged that the defendants negligently placed the derrick and that the Steel Company employed Keetley as its foreman under Gage; that Keetley acted as foreman under Gage; that Gage had general supervision and control of the work for the Steel Company, and that Keetley carelessly ordered the boom of the derrick to be suddenly shifted and "by reason of the joint and concurrent negligence of the defendants and each of them co-operating with the negligence of their servant, Owen Keetley," the accident happened.

The second count of November 21st was specifically based on statutory liability. It declared that the Steel Company employed the plaintiff as an iron worker and Gage as its superintendent having charge of the appliances and workmen, and that Gage was in charge of the derrick and the placing thereof "on behalf of the other defendant, the Modern Steel Structural Company, and with their knowledge and consent and subject to their orders and directions." It further asserted that the defendants did not erect the derrick safely in accordance with the Statute of June 3, 1907, concerning structural work (Hurd's Rev. St. 1913, ch. 48, § 9, J. & A. ¶ 5377), and that as a direct result of the wilful violation of the statute and of the wilful failure of the defendants to comply with the provisions thereof, the accident happened.

After denial of the defendants' motion on November 22, 1911, to strike the additional counts of November 21, 1911, from the files, the following order was entered by the court:

"It is ordered that the defendants' plea of general issue filed herein stand as pleaded to all counts of said declaration, and on like motion leave is given the defendant Modern Steel Structural Company to file a special plea to all counts of the declarations filed in said cause, instanter."

In pursuance of said leave the Steel Company filed on said November 22nd a special plea, in which it asserted that it was not engaged in the erection of the O'Leary warehouse; that on July 28, 1910, it let the contract for the unloading, erection and riveting of all the structural steel for said warehouse to the firm of Rasmussen & Gage, who thereafter were succeeded by Robert B. Gage; that thereafter Rasmussen & Gage and their successor Gage "took charge of and had absolute and complete control of" all said work, "free from any supervision or control by the Modern Steel Structural Company"; that the plaintiff was the servant of Rasmussen & Gage or Gage, and not of the Steel Company, and that the hoisting apparatus and der-

rick were not at the time of the accident the property of the defendant ''nor under its management, control or supervision nor in its possession.''

Counsel in No. 18,463.

Miller, Gorham & Wales and Marcus A. Jacobson, for appellant.

LeBosky & Plumb, for appellee.

Counsel in No. 18,786.

Arthur L. Ballas, for plaintiff in error.

Le Bosky & Plumb, for defendant in error.

Mr. Presiding Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1793*—*when joint judgment must be reversed in toto.* Where a joint judgment is erroneous as to one defendant it must be reversed as a whole.

2. Pleading, § 106*—*when a special plea goes to entire declaration.* A special plea directed to "amended declarations" mentioned in the plea means everything in the way of a declaration on file at the time.

3. Pleading, § 25*—*when pleadings may be amended.* While it may be unwise to re-arrange the pleadings after verdict pending a motion for new trial, if a declaration is so amended to suit the plaintiff's evidence, plaintiff cannot complain that a defendant is allowed to file a special plea to suit its evidence to make effective a defense, that it was not in control of the instrumentality doing the injury nor the "superior" who should respond for the negligence of a foreman in charge of the work, there being no surprise in permitting defendant's plea.

4. Master and servant, § 114*—*when master is not liable for negligence of independent contractor.* At common law to render a company and an independent contractor liable for injuries produced by a negligent order of a foreman, they must either be joint principals or in joint control of the instrumentality which caused the injury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. MASTER AND SERVANT, § 114*—*when evidence sufficient to show liability of independent contractor.* The proximate cause of an accident under the evidence, *held* to be a negligent order of a foreman to raise a column by a derrick rather than a faulty derrick, such as to make the employer of the foreman liable to respond in damages rather than the original contractor.

6. MASTER AND SERVANT, § 114*—*when a master not liable for negligence of independent contractor.* Where there is an independent subcontractor and his servant, the doctrine of *respondeat superior* does not extend liability to the original primary contractor on a building.

7. MASTER AND SERVANT, § 96*—*how statutory requirements affect liability in structural employment.* The Statute concerning structural work, approved June 3, 1907. (Hurd's R. S. 1913, ch. 48, § 9, J. & A. ¶ 5377) does not operate to impose a common joint or several duty on all persons connected with a given structual construction, and belonging to any one of the classes named irrespective of their having control or "charge" of the work.